MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
EDWIN L. JOE (CABN 112328)
Special Assistant U.S. Attorney

    455 Market Street, Suite 600, Sixth Floor
    San Francisco, CA  94105
    Telephone: (415) 744-8494
    Facsimile: (415) 744-6812
    edwin.joe@sba.gov

Attorneys for Plaintiff

ORIGINAL FILED
2010 OCT 15 P 2:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

        v.

PACIFIC MEZZANINE FUND, L.P.

        Defendant.

CV10 4664

Civil Action No.

CW

## COMPLAINT

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, Pacific Mezzanine Fund, L.P. (hereinafter "Pacific" or "Licensee"), is a California limited partnership that maintains its principal place of business at 2 Theatre Square, Suite 210, Orinda, Contra Costa County, California 94563. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

## Statutory and Regulatory Framework

4. Pacific was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c), on or about March 24, 1994, SBA License No. 09/09-0397, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Pacific's general partner is Pacific Private Capital, LLC. Its managing members are Nathan Bell and Brad Winegar.

6. Pacific's SBIC License Application contains an acknowledgement by Pacific's principals that the SBIC would be operated in accordance with the Regulations and the Act at all times.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided Leverage to Pacific through the purchase and/or guaranty of Debentures, a form of Leverage, as those terms are defined under the Regulations. As of July 19, 2010, there remains $20,369,824.25 in outstanding Leverage, consisting of $19,339,924.33 principal and $1,029,899.92 accrued interest with a per diem interest rate of $3,107.89.

10. The Debentures described in paragraph 9, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. §§107.1810, 1830 and 1850.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Pacific may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination is made by SBA that a Licensee such as Pacific has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

## CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated by reference herein.

14. Section §107.1830(c) of the Regulations requires that Pacific not have a condition of Capital Impairment of greater than 55% (fifty five percent) as defined under the Regulations.

15. Based on the SBA Form 468 submitted by Pacific for the period ending December 31, 2008, SBA determined that Pacific had a condition of Capital Impairment as their capital impairment percentage was over 77% (seventy seven percent).

16. By letter dated March 27, 2009, SBA notified Pacific that it would be in default of Section 107.1810(f)(5) of the Regulations fifteen (15) days from the date of the letter if Pacific did not cure its condition of capital impairment within that time. Pacific has failed to cure its condition of capital impairment.

## COUNT TWO

## DEFAULT IN REPAYMENT OF DEBENTURES

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. One of the Debentures issued by Pacific to SBA, described in paragraph 9, above, matured on March 1, 2009.

19. By letter dated March 10, 2009, SBA informed Pacific that it had failed to repay the Debenture in full on the due date of March 1, 2009, which was an event of default under Section 107.1810(f)(3) of the Regulations. As a consequence of the event of default, Pacific was given fifteen (15) days from the date of the letter to cure the default.

20. Pacific has failed to cure the default and repay the Debenture in full.

21. As a consequence of its failure to cure the default on the repayment of its Debentures and its condition of Capital Impairment, Pacific was transferred to liquidation status by SBA. By letter dated April 23, 2009, Pacific was informed that SBA had accelerated payment of all outstanding Debentures in accordance with 13 C.F.R. §107.1810 (g)(i).

22. To date, Pacific has failed to cure its condition of Capital Impairment and has failed to remit payment on its accelerated Debentures.

23. As a consequence of Pacific's violation of 13 C.F.R. §§107.1810(f)(3),(5) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Pacific.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Pacific Mezzanine Fund, L.P., its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of any assets of Pacific; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any assets of Pacific, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Pacific's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. §687c, enter the proposed Consent Order and (1) take exclusive jurisdiction of Pacific and all of its assets, wherever located, (2) appoint SBA as receiver of Pacific for the purpose of marshaling and liquidating the assets of Pacific, satisfying the claims of creditors as determined by the Court and (3) grant such other relief as contained in the Consent Order filed simultaneously herewith.

D. That this Court enter judgment in the amount of $20,369,824.25 in outstanding Leverage, consisting of $19,339,924.33 principal and $1,029,899.92 accrued interest with a per diem interest rate of $3,107.89 until the date of judgment and post judgment interest thereafter.

E. That this Court grant such other relief it deems just and proper.

            Respectfully submitted,

            MELINDA HAAG
            UNITED STATES ATTORNEY

Dated: October 13, 2010    By: *Edwin L. Joe*
            EDWIN L. JOE
            Special Assistant United States Attorney

OF COUNSEL:

Arlene M. Embrey, Esq.
Trial Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324
Email: arlene.embrey@sba.gov